IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| ) | **C O M P L A I N T** |
| Plaintiff,) ) | |
| v.  ) ) | CIVIL ACTION NO. |
| DOROTHY MCDANIEL'S ) FLOWERS, INC. d/b/a ) DOROTHY MCDANIEL'S ) FLOWER MARKET ) Defendant.) ) _____) | JURY TRIAL DEMAND |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Catherine Reeves, who was adversely affected by such practices. The Commission alleges that Defendant Dorothy McDaniel's Flowers, Inc. d/b/a Dorothy McDaniel's Flower Market (McDaniel's) discriminated against Catherine Reeves (Reeves) by denying her return to full-time employment and by discharging her because Ms. Reeves is disabled within the meaning of the ADA.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. §2000e-5(f)(1) and 2000e-6 and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. 2000e-5(f)(f) and (3).

4. At all relevant times, Defendant McDaniel's,(the "Employer"), has continuously been an Alabama corporation doing business in the State of Alabama and the City of Homewood, and has continuously had at least 15 employees.

5. At all relevant times, Defendant McDaniel's has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant McDaniel's has been a covered entity under Section 101(2) of the ADA, 42 U.S.C.

§ 12111(2).

## STATEMENT OF CLAIMS

7.   More than thirty days prior to the institution of this lawsuit, Catherine Reeves filed a charge with the Commission alleging violations of Title I of the ADA by Defendant McDaniel's. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Ms. Reeves is a qualified individual with a disability within the meaning of the ADA and because of her disability, Defendant McDaniel's denied Ms. Reeves return to full time employment and discharged her in violation of the ADA. Since at least January 22, 2003, Defendant McDaniel's has engaged in unlawful employment practices at its Homewood, Alabama facility, in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. §12112(a) and (b).

9.   The effect of the practices complained of in paragraph 8 above has been to deprive Catherine Reeves of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10.  The unlawful employment practices complained of in paragraphs 8 and 9 above were and are intentional.

11.  The unlawful employment practices complained of in paragraphs 8 and 9 above were and are done with malice or with reckless indifference to the federally protected rights of Catherine Reeves.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability, whether actual, a record of or being regarded as having a disability.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to provide affirmative relief, including posting an anti-discrimination notice, training owners, managers and employees on preventing disability discrimination.

D. Order Defendant Employer to make whole Catherine Reeves by providing appropriate backpay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited reinstatement and restoration to full-time employment of Catherine Reeves, or front pay in lieu thereof.

E.   Order Defendant Employer to make whole Catherine Reeves by providing compensation for past and future pecuniary losses

resulting from the unlawful employment practices described in paragraphs 8 and 9 above in amounts to be determined at trial.

F. Order Defendant to make whole Catherine Reeves by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8, 9 and 10 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

G. Order Defendant Employer to pay Catherine Reeves punitive damages for its malicious and reckless conduct, as described in paragraphs 8, 9 and 11 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully Submitted,

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    1801 "L" Street, Northwest
    Washington, D.C.  20507

/s/
C. EMANUEL SMITH
Regional Attorney
MS Bar No.: 7473


/s/
MILDRED BYRD
Supervisory Trial Attorney
LA Bar No.: 03741



/s/Eunice H. Morrow
EUNICE H. MORROW
Senior Trial Attorney
ASB-5267-064E



/s/
VALERIE HICKS-POWE
Senior Trial Attorney
ASB 1127-W70V


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Birmingham District Office
Suite 2000
1130 - 22nd Street South
Birmingham, AL 35205
(205) 212-2065 (E. Morrow)