
FILED
2006 Oct-10 PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 06-TMP-0645-S |
| v. | } } | |
| DOROTHY MCDANIEL'S FLOWERS, INC., d/b/a DOROTHY MCDANIEL'S FLOWER MARKET, | } } } } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

Before the court is the Report and Recommendation of the Magistrate Judge, to which defendant, Dorothy McDaniel's Flowers, Inc. (McDaniel), has timely objected. In his Report and Recommendation, the Magistrate Judge recommends the denial of McDaniel's motion to dismiss based on the defense of laches. McDaniel's objection applies only to the portion of the Report and Recommendation that addresses the laches claim. Under Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), this court is required to review *de novo* those portions of the Report and Recommendation to which objections are raised. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the case to the Magistrate Judge with instructions. After a review of the record and pleadings, and for the reasons that follow, this court agrees

1

with the recommendation of the Magistrate Judge and will deny McDaniel's motion and will recommit the case to the Magistrate Judge for further proceedings.

## I. FACTS

On February 19, 2003, Cathy Reeves ("Reeves"), a McDaniel employee, filed a charge of discrimination with plaintiff, the Equal Employment Opportunity Commission ("EEOC"), alleging that McDaniel reduced her hours and discharged her in contravention of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq*. (as amended).  Soon after, McDaniel was notified of the charge, and the EEOC began its investigation.  At the conclusion of its investigation, the EEOC found that the employment actions taken by McDaniel with respect to Reeves were violative of the ADA.  On September 10, 2004, as a result of its findings, the EEOC issued a "cause" determination against McDaniel.  The issuance of the cause determination initiated a short conciliation period, during which the EEOC encouraged McDaniel and Reeves to reach an accord.  On September 22, 2004, the parties were notified by the EEOC that efforts at a conciliation had failed.  Following this notice, no action was taken by the EEOC or by Reeves for a period of approximately eighteen months.  Finally, on March 21, 2006, the EEOC filed its complaint in this action.

## II. ANALYSIS

The defense of laches is based on the maxim that equity aides

2

the vigilant, not those who slumber on their rights. *Stone v. Williams*, 873 F.2d 620, 623 (2d Cir. 1989). Laches is correctly applied where there is "proof of (1) lack of diligence by the party against whom the defense is being asserted, and (2) prejudice to the party asserting the defense." *Kansas v. Colorado*, 514 U.S.673, 687, 115 S. Ct. 1733, 1742 (1995). In other words, laches applies where the plaintiff's filing of suit has been delayed inexcusably and the defendant has been materially prejudiced by the delay.

The determination of whether or not laches applies is left to the discretion of the court. *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 373, 97 S. Ct. 2447, 2458 (1977) (suggesting that federal courts exercise their discretionary power to locate a just result in light of the circumstances of the particular case). In making this determination, a court must apply the principles of equity to the facts of the case at hand. *Associated Spring Corp v. Roy F. Wilson & Avnet, Inc.*, 410 F. Supp. 967, 977 (1976). This court is mindful that, in applying the principles of equity, the goal is always to effect a just result. In doing so, this court must remember that the purpose of the EEOC, to investigate charges of discrimination and eradicate it from the nation's workplace, must not be undermined. *EEOC v. Great Atlantic & Pacific Tea Company*, 735 F.2d 69, 81 (1984); *EEOC v. Gard Corp. et al.*, 795 F. Supp. 1066 (D. Kan. 1992).

In its motion to dismiss, McDaniel claims that the action is

3

barred because the approximately 3 years which elapsed between the original charge and the initiation of this action constitute an unreasonable and impermissibly long delay.  As a result, McDaniel claims that it has been prejudiced enough to justify the dismissal of the EEOC's claim.  In response, the EEOC argues that the application of laches is inappropriate because the delay itself was not unreasonable and because the right of McDaniel to defend this action has not actually been prejudiced.

**a) Delay:**

The first issue in this case is whether the delay between the filing of the charge and the prosecution of this action was unreasonable.  McDaniel contends that 3 years is an unreasonable delay.  Furthermore, McDaniel argues that even if 3 years is not unreasonable, the 18 month period which passed between the end of the conciliation efforts and the commencement of this action is itself an unreasonable delay.  The EEOC argues the opposite.

In support of their respective positions, each party cites to the decisions of other courts resolving similar laches claims, also involving the EEOC.  Given that the particular facts of this case must govern the instant result, these decisions, based on different facts, are only somewhat helpful.  Even so, these decisions illustrate the flexibility afforded by the laches remedy and offer reasonable benchmarks for this court's determination of how long a delay must be before it becomes unreasonable.

A review of the case law strongly suggests that a delay of more than four years creates a laches defense. *EEOC v. Dresser Indus., Inc.*, 668 F.2d 1099, 1102 (11th Cir. 1982); *EEOC v. Alioto Fish Co.*, 623 F.2d 86, 88 (9th Cir. 1980); *EEOC v. Massey-Ferguson,* Inc., 622 F.2d 271, 278 (7th Cir. 1980); *EEOC v. Autozone, Inc.*, 258 F. Supp. 2d 822 (W.D. Tenn. 2003).  It is a closer call, however, when the delay is less than four years.  *Gard Corp. et al.*, 795 F. Supp. at 1069 (noting that "a three year lag does not necessarily give rise to a claim for laches").  In this case, a delay of a little over three years presents a very close question.

There are other important factors, in addition to the total elapsed time, which bear on a laches determination.  For example, the district court in *Autozone* found the interval between the failure of the conciliation efforts and the date of filing suit to be particularly important.  That court held that the EEOC was barred from bringing suit twenty-two months after the conciliation efforts failed.  However, the total delay in that case was well over five years and it would be a mistake to read too much into that court's response to the twenty-two month delay.

Turning to the instant case, the delay was only eighteen months in the context of a three year process.  And, while the EEOC has offered no justification whatsoever for its delay in this case, it is clear to this court that the elapsed period is an order of magnitude less than in many of the cases cited by McDaniel.

5

Nevertheless, because much can happen in more than three years, this court finds that if McDaniel has established that it has, in fact, suffered prejudice, a finding of laches would be appropriate.

### b) Prejudice

The second step in establishing a laches defense is a showing by the defendant that it has suffered material prejudice as a result of the delay.  In *Dresser*, the Eleventh Circuit noted that "[c]lassic elements of undue prejudice include unavailability of witnesses, changes of personnel, and loss of pertinent records." *Dresser*, 668 F.2d at 1203 (internal citations and quotations omitted).

In the instant case, McDaniel claims that certain witnesses who may have knowledge of Reeves's employment and termination have left McDaniel's employment and may be unavailable. Specifically, McDaniel claims that Vona Keeling, the former Office Manager, involuntarily left McDaniel after she divorced the owner's son.  In her affidavit, Gena Hyatt, the current office manager, states that, based on "information and belief," Ms. Keeling currently resides in Tennessee, but she is unaware of her precise whereabouts.  As a result of Ms. Keeling's absence, McDaniel claims its ability to defend this action has been prejudiced.  Ms. Hyatt also notes that, due to normal employment turnover, other employees, including a former delivery manager (Daniel Grayson) and a former designer who has apparently relocated to Switzerland, are also no longer

6

employees.  According to McDaniel, an increased amount of time and expense will be required to contact these individuals for purposes of discovery.

This court is unable to conclude that McDaniel's current inability to locate these individuals results in material prejudice sufficient to require the application of laches.  Most importantly, this court is not convinced that the two witnesses, whose absence causes McDaniel such consternation, have fallen as far off the face of the earth as McDaniel claims.  For example, Hyatt's affidavit does not state the Ms. Keeling cannot be located.  It simply states that it is her "understanding, based upon information and belief, that Ms. Keeling now resides in Tennessee."  As a result, McDaniel claims it will be unduly burdened in obtaining her testimony in Alabama.  As for Grayson, the former delivery manager, no attempt has been made to locate him.  McDaniel simply fears that locating him will take time and money.  This is not the stuff of "material prejudice."

Many of the cases cited by McDaniel contain examples of far greater prejudice.  In *EEOC v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir. 1978), the court found that "almost all of the people even remotely connected with the management of defendant's entire corporate structure. . . are gone."  Among the departed were all of the managers "connected in any way" to the employee whose termination was being investigated.  Certainly, this situation is

7

dramatically different from the one presented in the instant case. In the *Dresser* case, one of the relevant supervisors was dead, and the other had moved to Libya.  More important to the court's decision, though, was the loss of records related to the case.  668 F. 2d. at 1203-04.  Because this court concludes that McDaniel's claims of prejudice are not similarly grave, it must agree with the Report and Recommendation of the Magistrate Judge in this case.

### III. Conclusion

Based upon its review of undisputed facts and legal conclusions, this court agrees with the Magistrate Judge's Report and Recommendation and McDaniel's motion to dismiss will be DENIED by a separate order.

DONE this 10th day of October, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE